Barry E. Borowitz, CA Bar # 167418
Nancy B. Clark, CA Bar # 207024
**BOROWITZ & CLARK, LLP**
100 N. Barranca Avenue, Suite 250
West Covina, CA 91791
Tel: (626) 332-8600
Fax: (626) 332-8644

Attorneys for Debtor

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SAN FERNANDO VALLEY DIVISION

|  |  |
|---|---|
| In re<br><br>CHARLES A. BREUL,<br><br>           Debtor | Case No.: 1:05-bk-20645-MT<br><br>Chapter 7<br><br>**MOTION FOR AN ORDER TO SHOW CAUSE WHY FRANK ADDAMO AND CREDIT SPECIALTY SERVICES, INC. SHOULD NOT BE HELD IN  CONTEMPT OF COURT FOR VIOLATION OF THE AUTOMATIC STAY AND DISCHARGE INJUNCTIONS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF CHARLES A. BREUL; AND DECLARATION OF BARRY E. BOROWITZ IN SUPPORT THEREOF**<br><br>[FRBP 9020 AND LBR9020-1] |

Debtor, Charles A. Breul ("Debtors"), by and through his attorney, Barry E. Borowitz, ("Debtor's Counsel") hereby move this Court for an Order to Show Cause why Frank Addamo ("Addamo") and Credit Specialty Services, Inc. ("CSSI") should not be held in contempt of Court for violation of the automatic stay and discharge injunctions. This Motion is based on the documentary evidence attached hereto, and by the Memorandum of Points and Authorities, Declarations of Charles A. Breul, and Declaration of Barry E. Borowitz in Support Thereof, and other such evidence as the Court may receive in connection with this Motion

4

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    STATEMENT OF FACTS

Debtor filed a Chapter 7 bankruptcy petition on October 14, 2005 in which he listed on his Schedule F creditor Frank Addamo ("Addamo") and Credit Specialty Services, Inc. ("CSSI") as representing Frank Addamo (see attached as Exhibit 1, a true and correct copy of Debtor's Schedule F, filed on October 14, 2005 listing Frank Addamo and Credit Specialty Services, Inc.). The Clerk of the Bankruptcy Court filed a certificate of service of the Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadline on October 22, 2005 which included both Addamo and CSSI (see attached as Exhibit 2, a true and correct copy of the Certificate of Service and the Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadline on October 22, 2005).  Despite receiving notice of the filing of the Chapter 7 Bankruptcy, Addamo and CSSI recorded a lien against Debtor's property on December 27, 2005 in violation of the Automatic Stay (see attached as Exhibit 3, a true and correct copy of the Abstract of Judgment recorded in favor of Frank Addamo against Debtor's real property on December 27, 2005).

Debtor received a discharge in this case on February 10, 2006 (see attached as Exhibit 4, a true and correct copy of Debtor's Discharge dated February 10, 2006).  Creditors, Addamo and CSSI, did not make any allegations in the Chapter 7 Bankruptcy that the debt was a nondischargeable debt under 11 U.S.C. 523(a)(3)(B) (see attached as Exhibit 5, a true and correct copy of the Bankruptcy Court's PACER docket in this case).   Furthermore, a check of Pacer shows that the Chapter 7 Trustee filed a No Asset Report (docket number 10).

In 2010, Debtor was looking into options regarding refinancing his mortgage and found out that a lien had been recorded against his property. (See Declaration of Charles A. Breul.) He was unable to refinance his property during this period of historically low interest rates.  Debtor is 83 and this violation has caused him great emotional distress.  On August 20, 2013, Debtor's Counsel, Barry E. Borowitz, called CSSI and explained that they must remove the lien as it was recorded in violation of the automatic stay.  (See Declaration of Barry E. Borowitz.)   A representative of CSSI by the name of Charles stated that Debtor should have filed an 11 U.S.C.

Section 522(f) motion to remove the lien. Debtor's Counsel replied that the lien was recorded after Debtor had filed for bankruptcy. CSSI's representative stated that the lien would not be removed unless Debtor agreed to pay them $7,000. On August 23, 2013, Debtor's counsel sent a letter demanding that the lien be removed and on or about November 6, 2013, Debtor's counsel sent a second letter to CSSI demanding removal of the lien (see attached as Exhibit 6, a true and correct copy of the letters sent by Barry E. Borowitz to CSSI regarding the removal of the lien recorded in violation of the automatic stay sent on August 23, 2013 and on November 6, 2013). To date, CSSI has not removed the lien.

## II. ARGUMENT

**A.      Addamo's and CSSI's Conduct has been Intentional and Willful and as such, Justifies the Awarding of Punitive Damages, Actual Damages and Attorneys' Fees Pursuant to Section 362(k)(1).**

Upon the filing of the instant case, all creditors were stayed from any collection activities pursuant to 11 U.S.C. § 362 states:

> (a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, ... operates as a stay, applicable to all entities, of —
>
> (6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title[.]

11 U.S.C. § 362(a)(6). Addamo and CSSI were both sent Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadline on October 22, 2005 advising of the bankruptcy filing. Upon receipt of the notice that this Debtor had filed a chapter 7 bankruptcy, any attempts to collect on the debt was a violation of the automatic stay. Addamo and CSSI had an affirmative duty to check to see if there was a stay in effect at the time of the filing of the bankruptcy before starting their collection efforts by recording a lien against Debtor's real property. *In re Stinson*, 295 B.R. 109, 117 (9th Cir. BAP 2003). What is most shocking in this case is that when Debtor's counsel called

the attorney for CSSI and advised him that the lien was recorded in violation of the stay, he

responded that it was Debtor's duty to file a motion to avoid his lien under 11 U.S.C. Section

522(f). Furthermore, he stated that he would not remove his void lien unless Debtor agreed to

pay him $7,000.00. These tactics are willful and egregious.

### 1.    Addamo and CSSI had Notice

"[S]ection 362(a) provides that all collection activities taken or suits brought against a debtor

must cease when he or she files for bankruptcy." *Berg v. Good Samaritan Hospital (In re Berg)*,

230 F.3d 1165, 1167 (9th Cir. 2000). The Ninth Circuit Court of Appeals in *Ramirez v. Fuselier*

*(In re Ramirez)*, 183 B.R. 583, 591 (9th Cir. BAP 1995) stated, "Creditors and their agents must

immediately stop all collection and enforcement actions affecting the debtor or property of the

estate. If there is any question about the applicability or scope of the stay, the creditors are

required to come to the bankruptcy court to obtain clarification or relief from the stay." *Id. at*

*591* (concurring opinion of J. Fenning, emphasis in original). Debtor listed these creditors and

they received notice of the Chapter 7 Bankruptcy from the Clerk of the Court for the Central District

of California. Therefore, there is a presumption of receipt of notice. *See Moody v. Bucknum (In re*

*Bucknum)*, 951 F.2d 204, 206-07 (9th Cir. 1991).

### 2.    Addamo's and CSSI's Actions were Willful in Nature

> An individual injured by any willful violation of a stay provided by this section
> shall recover actual damages, including costs and attorneys' fees, and, in
> appropriate circumstances, may recover punitive damages.

11 U.S.C. §362(k)(1). A willful violation is one committed knowingly; no malice need be

shown. *See e.g., In re Lansdale Family Restaurants, Inc.*, 977 F.2d 826 (3rd Cir. 1992)

(willfulness does not require intent to violate stay, it requires only that acts which violate the stay

be intentional acts); *see also In re Bloom*, 875 F.2d 224 (9th Cir. 1989). Even passivity by a

creditor can constitute willful violation of the automatic stay, if the passivity is a failure to stop

an already existing attempt to collect a debt. *See, e.g., In re Herron*, 177 B.R. 866 (Bankr. N.D. Ohio 1995) (a student loan creditor's failure to act to reverse post-petition tax refund intercept after notice of a bankruptcy filing was a willful violation of the stay). Creditors have an affirmative duty under the stay to do what is needed to relieve the violation. *Sternberg v. Johnston (In re Johnston)*, 582 F.3d 1114 (9th Cir. 2009).

Addamo and CSSI should be ordered to pay Debtor's attorney's fees in the amount to be determined by this Court for all of its efforts in connection with this Motion. Debtor's counsel office has tried to stop the collection efforts against Debtor but to date they have not removed the lien.

Addamo's and CSSI's continuing  violation of the stay after being notified of the Debtor's bankruptcy filing is itself a willful violation of stay, for which sanctions could be imposed. Debtor has suffered because he has been unable to refinance his home during this period of record low interest rates. In addition, this matter has caused him great emotional distress which has led him to seek out medical assistance. *In re Stinson*, 295 B.R. 109 (9th Cir. BAP 2003). He is entitled to recovery for his losses. *In re Bloom*, 875 F.2d 224 (9th Cir. 1989)(punitive damages upheld on appeal where the creditor continued to violate the stay after being warned by the debtor's attorney that his conduct violated the state). Furthermore, Debtor's attorneys took all necessary measures to stop the ongoing violation, yet the violation persisted causing additional attorneys' fees to be accrued. These fees represent actual damages attributed to the action of Addamo and CSSI. Therefore, due to Addamo's and CSSI's noncompliance with the Automatic Stay, Addamo and/or CSSI should be ordered to pay punitive damages, actual damages and attorneys' fees in an amount to be determined by the Court.

///

///

**B.**     **Creditor's Claim is a Discharged Debt**

Pursuant to 11 U.S.C. Section 524(a)(2), when a discharge is granted it establishes a permanent injunction barring the "commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor…"   In this case, Debtor received a Discharge on February 10, 2006. The prepetition Complaint filed against Debtor by Addamo and CSSI and the associated lien are based on the obligations arising from a debt that was incurred prior to the filing of Debtor's Chapter 7 bankruptcy.  As such, the debt owed is discharged.

**1.  Creditors are in Blatant Violation of the Court's Discharge Injunction**

Even if Addamo and CSSI were not listed in Debtor's Chapter 7 Schedule F, under *In re Beezley,* 994 F.2d 1433 (9th Cir. 1992), the debt would be discharged as long as it was a nondischargeable debt and the Chapter 7 was a no asset case.  "After such a case has been closed, dischargeability is unaffected by scheduling; amendment of Beezley's schedules would thus have been a pointless exercise. See *American Standard Ins. Co. v. Blakehorn*, 147 B.R. 480, 483 (N.D.Ind.1992); *In re Stecklow*, 144 B.R. 314, 317 (Bankr.D.Md.1992); *In re Tucker*, 143 B.R. 330, 334 (Bankr.W.D.N.Y.1992); *In re Peacock*, 139 B.R. 421, 422 (Bankr.E.D.Mich.1992); *In re Thibodeau*, 136 B.R. 7, 10 (Bankr.D.Mass.1992); *In re Hunter*, 116 B.R. 3, 5 (Bankr.D.D.C. 1990); *In re Mendiola*, 99 B.R. 864, 865 (Bankr.N.D.Ill.1989). If the omitted debt is of a type covered by 11 U.S.C. §523(a)(3)(A), it has already been discharged pursuant to 11 U.S.C. §727." *Beezley at 1434.*

As is evident from the Bankruptcy Court's PACER docket regarding Debtor's Chapter 7, case number 1:05-bk-20645-VK, Debtor's case was a no asset case. Furthermore, creditors, Addamo and CSSI were both served with notice of Debtor's Chapter 7 Bankruptcy and did not

make any allegations in the Chapter 7 Bankruptcy that the debt was a nondischargeable debt under 11 U.S.C. 523(a)(3)(B) (see previously referenced Exhibit 6, a true and correct copy of the Bankruptcy Court's PACER docket in this case). Despite having knowledge of Debtors' Chapter 7, Addamo and CSSI continue to pursue its Judgment against Debtor by not removing its lien. Therefore, Addamo and CSSI's actions are in blatant disregard of the Court's Discharge Injunction and they should be held civil contempt of Court.

**2.    Creditors Should be Held in Contempt for Violation of the Discharge Injunction**

Violation of the Discharge Injunction is punishable by contempt, both under 11 U.S.C. Section 105(a) and the inherent powers of the Bankruptcy Court. *In re Rainbow Magazine, Inc.,* 77 F.3d 278, 284 *et seq.* (9th Cir. 1997). *See also* FRBP 9020, which expressly recognizes the Court's contempt powers. Civil contempt is for the purpose of coercing the offending party to comply with the Court's Discharge Injunction, and subjects the offending party to monetary damages including the legal fees and cost incurred in defending against the proceeding barred by the Discharge Injunction. *See Knupfer v. Lindblade (In re Dyer), 322 F.3d 1178, 1189-1198 (9th Cir. 2003) for an extensive discussion on the Bankruptcy Court's civil and criminal contempt powers.* In this case, despite actual knowledge of the Automatic Stay, Addamo and CSSI intentionally continue to pursue its pre-petition claim against Debtor. Given Addamo and CSSI's extreme disregard for the Discharge Injunction, they should be found to be in contempt of Court for violation of the Discharge Injunction and should be ordered to immediately remove the lien recorded against Debtor's real property.

**3. This Bankruptcy Court has Jurisdiction to Determine this Violation**

This Bankruptcy Court has the jurisdiction and power to enforce the Debtor's Discharge Injunction. In *In re Pavelich*, 229 B.R. 777 (9th Cir. B.A.P. 1999), the Bankruptcy Appellate Panel reversed a Bankruptcy Court decision that it lacked jurisdiction to enforce the Discharge,

when faced with a post-Discharge Superior Court judgment that arguably violated the Discharge. The B.A.P. stated, "...the question becomes whether the bankruptcy court has jurisdiction to enforce the discharge (regardless of whether there is a state court judgment). It does." *Id.* at 780. The Court also noted the complementary language of 11 U.S.C. Section 524(a)(2), "The discharge also operates as an injunction against the commencement or continuation of an action to collect a discharged debt..." *Id.* The Court surveyed the legislative history of the discharge, noting that by the 1970 amendment to Bankruptcy Act 14(f),

> Congress was expressly making it possible for a discharged debtor to ignore a creditor's subsequent action in a nonbankruptcy court...It became an absolute defense that relieved a discharged debtor from the need to defend a subsequent action in state court.

*Id.* at 781. This relief and this absolute defense are each what the Debtor is trying to accomplish, and what Addamo and CSSI obstinately refuses to allow.

The *Pavelich* Court went on to say that,

> The issuance of the bankruptcy discharge is a matter within exclusive federal jurisdiction...And a Congressional grant of exclusive federal jurisdiction to the federal courts includes the implied power to protect that grant' *Gonzalez v. Parks,* 830 F.2d 1033, 1036 (9th Cir. 1987).

*Id.* at 783. Thus, the Bankruptcy Court has the jurisdiction to grant the relief that Debtor prays for herein.

## II.    **CONCLUSION**

The debt claimed by Addamo and/or CSSI is no longer owed since the debt was discharged in the Debtor's Chapter 7 bankruptcy case. Further, they are acting in purposeful disregard of the Debtor's Discharge Injunction. As such, they should be found in contempt of Court and should be ordered to immediately release the lien recorded against Debtor's real property.

WHEREFORE, Debtor prays for the following:

1. That Addamo and/or CSSI be found in contempt of Court for the Automatic Stay Violation and the Discharge Violations;

2. That Addamo and/or CSSI be ordered to remove the lien recorded against Debtor's real property;

3. That Addamo and/or CSSI be ordered to pay damages to Debtor;

4. That Addamo and/or CSSI be ordered to pay Debtor's attorney's fees;

5. That Addamo and/or CSSI be ordered to pay punitive damages;

6. For such other relief as this Court deems appropriate.

Dated: November 25, 2013

By:    BOROWITZ & CLARK, LLP

Barry E. Borowitz
Attorney for Debtor

## DECLARATION OF CHARLES A. BREUL

I, Charles A. Breul, hereby declare as follows:

1. That I have personal knowledge of the facts set forth below and if called upon to testify, I could and would competently testify thereto;

2. That I filed a Chapter 7 bankruptcy petition on October 14, 2005 in which I listed on my Schedule F creditor Frank Addamo ("Addamo") and Credit Specialty Services, Inc. ("CSSI") as representing Frank Addamo (see attached as Exhibit 1, a true and correct copy of Debtor's Schedule F, filed on October 14, 2005 listing Frank Addamo and Credit Specialty Services, Inc.);

3. That the Clerk of the Bankruptcy Court filed a certificate of service of the Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadline on October 22, 2005 which included both Addamo and CSSI (see attached as Exhibit 2, a true and correct copy of the Certificate of Service and the Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadline on October 22, 2005);

4. That despite receiving notice of the filing of the Chapter 7 Bankruptcy, Addamo and CSSI recorded a lien against my property on December 27, 2005 in violation of the Automatic Stay (see attached as Exhibit 3, a true and correct copy of the Abstract of Judgment recorded in favor of Frank Addamo against Debtor's real property on December 27, 2005);

5. That I received a discharge in this case on February 10, 2006 (see attached as Exhibit 4, a true and correct copy of Debtor's Discharge dated February 10, 2006);

6. That creditors, Addamo and CSSI, did not make any allegations in the Chapter 7 Bankruptcy that the debt was a nondischargeable debt under 11 U.S.C. 523(a)(3)(B) (see attached as Exhibit 5, a true and correct copy of the Bankruptcy Court's PACER docket in this case). Furthermore, a check of Pacer shows that the Chapter 7 Trustee filed a No Asset Report (docket number 10);

7. That in 2010, I was looking into options regarding my mortgage and found out that a lien had been recorded against my property;

8. That I am 83 years old and this situation has caused me great emotional distress. I have been unable to refinance my property during this period of historically low interest rates. Therefore, I have suffered a monetary loss;

9. That on August 20, 2013, I met with Barry E. Borowitz and during our meeting he called CSSI and explained that they must remove the lien as it was recorded in violation of the automatic stay. A representative of CSSI by the name of Charles stated that the lien would not be removed unless Debtor agreed to pay them $7,000.

I, Charles A. Breul, declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed at _West Covina_, California.

Date: _11-26-13_

Charles A. Breul
Debtor

14

## DECLARATION OF BARRY E. BOROWITZ

I, Barry E. Borowitz, hereby declare as follows:

1. That I have personal knowledge of the facts set forth below and if called upon to testify, I could and would competently testify thereto;

2. That I am a partner at the Law Offices of Borowitz & Clark, LLP;

3. That Charles A. Breul retained my services to file this Motion to Reopen and an OSC re: Contempt for Automatic Stay and Discharge Violation;

4. That on August 20, 2013, I called Credit Specialty Services, Inc. and spoke to a gentleman named Charles who identified himself as a representative for CSSI;

5. That Charles stated that Debtor should have filed an 11 USC Section 522(f) motion to remove his client's lien during the bankruptcy.  I explained that the lien was recorded after the bankruptcy was filed and was void.  He stated that his client's lien would not be removed unless Debtor agreed to pay them $7,000;

6. That on August 23, 2013,  I sent a letter demanding that the lien be removed and on November 6, 2013, I sent a second letter to CSSI demanding removal of the lien (see attached as Exhibit 6, a true and correct copy of the letter sent by Barry E. Borowitz to CSSI regarding the removal of the lien recorded in violation of the automatic stay sent on November 6, 2013).  To date, CSSI has not removed the lien.

I, Barry E. Borowitz, declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed at _____West Covina_____, California.

Date: ___12/7/13___          _____
                             Barry E. Borowitz

EXHIIBT "1"

FORM B6F (12/03) West Group, Rochester, NY

In re  _Charles A. Broul_ _____ / Debtor      Case No._____

(if known)

# SCHEDULE F-CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, if any, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedules. Report this total also on the Summary of Schedules.

☐ Check this box if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F.

| Creditor's Name and Mailing Address Including Zip Code | Codebtor | Date Claim was Incurred, and Consideration for Claim. If Claim is Subject to Setoff, so State. H—Husband W—Wife J—Joint C—Community | Contingent | Unliquidated | Disputed | Amount of Claim |
|---|---|---|---|---|---|---|
| Account No:  4024004697601702 |  |  |  |  |  | $ 8,483.00 |
| Creditor # : 1 Allied Interstate 3000 Corporate Exchange Drive 5th Floor Columbus  OH 43131 |  | COLLECTION for OSI/Gulf State Credit |  |  |  |  |
| Account No:  4024004697601702 |  |  |  |  |  |  |
| Representing: Allied Interstate |  | Sherman Acquisition LLC 9700 Bissonnet Ste. 2000 Houston TX 77036 |  |  |  |  |
| Account No:  4024004697601702 |  |  |  |  |  |  |
| Representing: Allied Interstate |  | Resurgent Capital Svc 15 S. Main St. Ste 600 Greenville SC 29601 |  |  |  |  |
| Account No:  6427243357 |  |  |  |  |  | $ 6,540.00 |
| Creditor # : 2 Beacon  Svc LLC POB 4115 Concord CA 94524 |  | COLLECTION for Transamerica-Water Street Financial Inc. |  |  |  |  |

_2_ continuation sheets attached

Subtotal $   15,023.00
(Total of this page)

Total $
(Report total also on Summary of Schedules)

FORM B6F (12/03) West Group, Rochester, NY

In re _Charles A. Breul_ _____ / Debtor    Case No. _____
                                                                        (if known)

# SCHEDULE F-CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| Creditor's Name and Mailing Address Including Zip Code | C o d e b t o r | Date Claim was Incurred, and Consideration for Claim. If Claim Is Subject to Setoff, so State. H--Husband W--Wife J--Joint C--Community | C o n t i n g e n t | U n l i q u i d a t e d | D i s p u t e d | Amount of Claim |
|---|---|---|---|---|---|---|
| Account No:  8505537353<br>Creditor # : 3<br>CROSS COUNTRY BANK<br>POB 310711<br>BOCA RATON FL 33431-0711 | | 2003<br>Credit Card Purchases | | | | $ 709.00 |
| Account No:  8505537353<br>Representing:<br>CROSS COUNTRY BANK | | Midland Credit Mgmt<br>POB 939019<br>San Diego CA 92193 | | | | |
| Account No:  85686<br>Creditor # : 4<br>Frank Addamo<br>4400 Wild Horse Rd.<br>Reno NV 89510 | | COLLECTION<br>Sm Claims Judgment case no. 03S00233 | | | | $ 8,444.00 |
| Account No:  85686<br>Representing:<br>Frank Addamo | | Credit Specialty Svc, Inc.<br>POB 764<br>Acton CA 93510 | | | | |
| Account No:  632019<br>Creditor # : 5<br>Newton & Associates<br>POB 8510<br>Metaire LA 70011 | | COLLECTION<br>for Kyocera Solar Inc. | | | | $ 1,689.00 |
| Account No:<br>Creditor # : 6<br>Pedro Flores<br>8551 Sierra Hwy<br>Agua Dulce CA 91390 | | Miscellaneous | | | | $ 5,602.00 |

Sheet No. _1_ of _2_ continuation sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal $               16,444.00
(Total of this page)
Total $
(Report total also on Summary of Schedules)

FORM B6F (12/03) West Group, Rochester, NY

In re _Charles A. Breul_ _____ / Debtor        Case No. _____
                                                              (If known)

## SCHEDULE F-CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| Creditor's Name and Mailing Address including Zip Code | Codebtor | Date Claim was Incurred, and Consideration for Claim. If Claim is Subject to Setoff, so State. H--Husband W--Wife J--Joint C--Community | Contingent | Unliquidated | Disputed | Amount of Claim |
|---|---|---|---|---|---|---|
| Account No: 7298566261 *Creditor # : 7 Shell/Texaco Processing Ctr Des Moines Ia 50359* | | *Credit Card Purchases* | | | | $ 476.00 |
| Account No: 7298566261 *Representing: Shell/Texaco* | | *Plaza Recovery Associates POB 18008 Hauppauge NY 11788* | | | | |
| Account No: 7298566261 *Representing: Shell/Texaco* | | *NCO Financial Systems PO Box 41417 Dept. 99 Philadelphia PA 19101* | | | | |
| Account No: 7298566261 *Representing: Shell/Texaco* | | *NES-Nat'l Enterprise Systems 29125 Solon Rd Solon OH 44139* | | | | |
| Account No: | | | | | | |
| Account No: | | | | | | |

Sheet No. _2_ of _2_ continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

|  | Subtotal $ | 476.00 |
|---|---|---|
|  | (Total of this page) | |
|  | Total $ | 31,943.00 |
|  | (Report total also on Summary of Schedules) | |

EXHIIBT "2"

Case 1:05-bk-20645-MT   Doc 18   Filed 01/28/14   Entered 01/28/14 09:03:15   Desc
Case 1:05-bk-20645-KT   Main Document 12/05 Page 18 of 36 22:20:22   Desc
Imaged Certificate of Service   Page 1 of 3

FORM B9A (Chapter 7 Individual or Joint Debtor No Asset Case) (12/03)

| UNITED STATES BANKRUPTCY COURT | Central District Of California |
|---|---|

## Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines

A Chapter 7 bankruptcy case concerning the debtor(s) listed below was filed on October 14, 2005.

You may be a creditor of the debtor. **This notice lists important deadlines.** You may want to consult an attorney to protect your rights. All documents filed in the case may be inspected at the bankruptcy clerk's office at **U. S. Bankruptcy Court, 21041 Burbank Blvd Woodland Hills, CA 91367-6603**

NOTE:  The staff of the bankruptcy clerk's office cannot give legal advice.

## See Reverse Side For Important Explanations

| Debtor(s) (name(s) address)<br>Charles A Breul<br>41343 151st Street East<br>Lancaster, CA 93535 | Case Number:<br>**1:05-bk-20645-KT** |
|---|---|
| All Other Names used by the Debtor(s) in the last 6 years, (include married, maiden, trade names):<br>Debtor:<br>Joint Debtor: | Last four digits of Soc. Sec. No. / Complete EIN or other Taxpayer I.D. No.:<br>Dbt SSN: xxx-xx-4069<br>Dbt EIN/Tax I.D.: 95-4710661 |
| Attorney for Debtor(s) (name, address, telephone)<br>Charles A Breul<br>41343 151st Street East<br>Lancaster, CA 93535<br>Telephone number:  661-264-4180 | Bankruptcy Trustee (name, address, telephone)<br>David Keith Gottlieb<br>15233 Ventura Blvd, 9th Floor<br>Sherman Oaks, CA 91403-2201<br>Telephone number:  (818) 325-8441 |

## Meeting of Creditors

Date:  **December 2, 2005**                                  Time:  **01:30 PM**
Location:  **21051 Warner Center Lane, #105, , , Woodland Hills, CA 91367**

## Deadlines

Papers must be *received* by the bankruptcy clerk's office by the following deadlines:

### Deadline to File a Complaint Objecting to Discharge of the Debtor *or* to Determine Dischargeability of Certain Debts: January 31, 2006

### Deadline to Object to Exemptions:
Thirty (30) days after the *conclusion* of the meeting of creditors.

## Creditors May Not Take Certain Actions

The filing of the bankruptcy case automatically stays certain collection and other actions against the debtor and the debtor's property. If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized.

## Please Do Not File a Proof of Claim Unless You Receive a Notice To Do So

| Address of the Bankruptcy Clerk's Office:<br>21041 Burbank Blvd<br>Woodland Hills, CA 91367-6603<br>Telephone number:  818-587-2900 | For the Court:<br>Clerk of the Bankruptcy Court:<br>Jon D. Ceretto |
|---|---|
| Hours Open:  9:00 AM - 4:00 PM | Date:  October 19, 2005 |

(Form rev. 04/2005: 341 - B9A)          /RM2

Case 1:05-bk-20645-MT   Doc 18   Filed 01/28/14   Entered 01/28/14 09:03:15   Desc
Case 1:05-bk-20645-KT   Main Document 2/05 Page 19 of 36 22:20:22   Desc
Imaged Certificate of Service   Page 2 of 3

# EXPLANATIONS

FORM B9A (4/05)

| | |
|---|---|
| Filing of Chapter 7 Bankruptcy Case | A bankruptcy case under Chapter 7 of the Bankruptcy Code (title 11, United States Code) has been filed in this court by or against the debtor(s) listed on the front side, and an order for relief has been entered. |
| Creditors May Not Take Certain Actions | Prohibited collection actions are listed in Bankruptcy Code §362. Common examples of prohibited actions include contacting the debtor by telephone, mail or otherwise to demand repayment; taking actions to collect money or obtain property from the debtor; repossessing the debtor's property; starting or continuing lawsuits or foreclosures; and garnishing or deducting from the debtor's wages. |
| Meeting of Creditors | A meeting of creditors is scheduled for the date, time and location listed on the front side. *The debtor (both spouses in a joint case) must be present at the meeting to be questioned under oath by the trustee and by creditors.* Creditors are welcome to attend, but are not required to do so. The meeting may be continued and concluded at a later date without further notice. *The trustee is designated to preside at the meeting of creditors. The case is covered by the Chapter 7 blanket bond on file with the Court.* |
| Do Not File a Proof of Claim at This Time | There does not appear to be any property available to the trustee to pay creditors. *You therefore should not file a proof of claim at this time.* If it later appears that assets are available to pay creditors, you will be sent another notice telling you that you may file a proof of claim, and telling you the deadline for filing your proof of claim. |
| Discharge of Debts | The debtor is seeking a discharge of most debts, which may include your debt. A discharge means that you may never try to collect the debt from the debtor. If you believe that the debtor is not entitled to receive a discharge under Bankruptcy Code §727(a) *or* that a debt owed to you is not dischargeable under Bankruptcy Code §523(a)(2), (4), (6), or (15), you must start a lawsuit by filing a complaint in the bankruptcy clerk's office by the "Deadline to File a Complaint Objecting to Discharge of the Debtor or to Determine Dischargeability of Certain Debts" listed on the front side. The bankruptcy clerk's office must receive the complaint and the required filing fee by that Deadline. |
| Exempt Property | The debtor is permitted by law to keep certain property as exempt. Exempt property will not be sold and distributed to creditors. The debtor must file a list of all property claimed as exempt. You may inspect that list at the bankruptcy clerk's office. If you believe that an exemption claimed by the debtor is not authorized by law, you may file an objection to that exemption. The bankruptcy clerk's office must receive the objection by the "Deadline to Object to Exemptions" listed on the front side. |
| Proof of Debtor Identification (ID) and Proof of Social Security Number (SSN) | The U.S. Trustee requires that individual debtors must provide to the trustee at the meeting of creditors an original picture ID and proof of SSN. Failure to do so may result in the U.S. Trustee bringing a motion to dismiss the case. Permissible forms of ID include a valid state driver's license, government or state−issued picture ID, student ID, military ID, U.S. Passport or legal resident alien card. Proof of SSN includes Social Security Card, current W−2 form, pay stub, IRS Form 1099, Social Security Administration Report, or other official document which indicates name and SSN. |
| Bankruptcy Clerk's Office | Any paper that you file in this bankruptcy case should be filed at the bankruptcy clerk's office at the **U. S. Bankruptcy Court, 21041 Burbank Blvd Woodland Hills, CA 91367−6603** You may inspect all papers filed, including the list of the debtor's property and debts and the list of the property claimed as exempt, at the bankruptcy clerk's office at the address listed above. |
| Legal Advice | The staff of the bankruptcy clerk's office cannot give legal advice. You may want to consult an attorney to protect your rights. |
| Failure to File a Statement and/or Schedule(s) | **IF THE DEBTOR HAS NOT FILED A STATEMENT AND/OR SCHEDULE(S),** the debtor must do so, or obtain an extension of time to do so, within 15 days of the petition filing date. Failure to comply with this requirement, or failure to appear at the initial Section 341(a) meeting of creditors and any continuance thereof, will result in dismissal of the case, unless leave of court is first obtained. <br><br> (Si el deudor no ha presentado una declaracion y/o una lista de acreedores, tendra que hacerlo dentro de un plazo de 15 dias a partir de la fecha de presentacion de la peticion o tendra que obtener una extension del plazo para hacerlo. Si no cumple usted este requisito, o si no comparece a la junta 341(a) inicial de acreedores o a cualquier aplazamiento, esto resultara en que se declare sin lugar el caso, a menos de que obtenga un permiso del tribunal.) |
| Bankruptcy Fraud and Abuse | Any questions or information relating to bankruptcy fraud or abuse should be addressed to the United States Trustee, 725 South Figueroa Street, 26th Floor, Los Angeles, CA 90017. |

## — Refer to Other Side for Important Deadlines and Notices —

**BAE SYSTEMS**

Enterprise Systems Incorporated
11487 Sunset Hills Road
Reston, Virginia 20190-5234

# CERTIFICATE OF SERVICE

District/off: 0973-1        User: rmendezC        Page 1 of 1        Date Rcvd: Oct 20, 2005
Case: 05-20645             Form ID: b9a          Total Served: 21

The following entities were served by first class mail on Oct 22, 2005.
```
db        +Charles A Breul,    41343 151st Street East,    Lancaster, CA 93535-7019
tr        +David Keith Gottlieb,    15233 Ventura Blvd, 9th Floor,    Sherman Oaks, CA 91403-2250
smg        Employment Development Dept.,    Bankruptcy Group MIC 92E,    P. O. Box 826880,
            Sacramento, CA  94280-0001
smg        Franchise Tax Board,    ATTN: Bankruptcy,    P. O. Box 2952,    Sacramento, CA  95812-2952
smg        Los Angeles City Clerk,    P. O. Box 53200,    Los Angeles, CA  90053-0200
smg        Ventura County Tax Collector,    Attn: Bankruptcy,    800 South Victoria Ave,
            Ventura, CA  93009-1290
ust       +United States Trustee (SV),    21051 Warner Center Lane, Suite 115,    Woodland Hills, CA 91367-6550
18180252  +ALLIED INTERSTATE,    3000 CORPORATE EXCHANGE DRIVE,    5TH FLOOR,    COLUMBUS OH 43231-7689
18180253  +BEACON SVC LLC,    POB 4115,    CONCORD CA 94524-4115
18180254  +CREDIT SPECIALTY SVC INC,    POB 764,    ACTON CA 93510-0764
18180255   CROSS COUNTRY BANK,    POB 310711,    BOCA RATON FL  33431-0711
18180256  +DOVEHMUEALE,    POB 7168,    PASADENA CA 91109-7168
18180257  +FRANK ADDAMO,    4400 WILD HORSE RD,    RENO NV 89510-8701
18180258  +MIDLAND CREDIT MGMT,    POB 939019,    SAN DIEGO CA 92193-9019
18180259  +NCO FINANCIAL SYSTEMS,    PO BOX 41417,    DEPT 99,    PHILADELPHIA PA 19101-1417
18180260  +NES-NATL ENTERPRISE SYSTEMS,    29125 SOLON RD,    SOLON OH 44139-3442
18180261  +NEWTON AND ASSOCIATES,    POB 8510,    METAIRE LA 70011-8510
18180262  +PEDRO FLORES,    8551 SIERRA HWY,    AGUA DULCE CA 91390-4612
18180265  +RESURGENT CAPITAL SVC,    15 S MAIN ST STE 600,    GREENVILLE SC 29601-2768
18180266  +SHELL/TEXACO,    PROCESSING CTR,    DES MOINES IA 50359-0001
18180267  +SHERMAN ACQUISITION LLC,    9700 BISSONNET STE 2000,    HOUSTON TX 77036-8016
```

The following entities were served by electronic transmission.
NONE.                                                                          TOTAL: 0

```
         ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
18180264   HAUPPAUGE NY 11788
18180263   PLAZA RECOVERY ASSOCIATES,    POB 18008
```
                                                                          TOTALS: 2, * 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

I, Joseph Speetjens, declare under the penalty of perjury that I have served the attached document on the above listed entities in the manner shown, and prepared the Certificate of Service and that it is true and correct to the best of my information and belief.

First Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

Date: Oct 22, 2005                    Signature:    *Joseph Speetjens*

EXHIIBT "3"

Branch :OC3,User :3614                                                    Station ID :TERW




This page is part of your document - DO NOT DISCARD

05  3183025

RECORDED/FILED IN OFFICIAL RECORDS
RECORDER'S OFFICE
LOS ANGELES COUNTY
CALIFORNIA

3:41 PM  DEC  27  2005

# TITLE(S) :




L E A D        S H E E T

| FEE | | D.T.T. |
|---|---|---|

FEE $19    XX
DAF $2
C-20        2

Lien notice mailed to debtor (*) at
address shown (*) Gov. Code 27297.5

CODE
20

CODE
19

CODE
9

Assessor's Identification Number (AIN)
To be completed by Examiner OR Title Company in black ink.        Number of AIN's Shown




THIS FORM IS NOT TO BE DUPLICATED

Branch :OC3,User :3914                                                    Station ID :TERW

RECORDING REQUEST BY

WHEN RECORDED MAIL TO

NAME    Jay M. Tenenbaum, Esq.
        Seals & Tenenbaum, A Professional Corp.

ADDRESS  2323 W. Lincoln Avenue, Suite 127
         Anaheim, CA
         92801

05  3183025

2

SPACE ABOVE THIS LINE RESERVED FOR RECORDER'S USE

# TITLE(S)

## ABSTRACT OF JUDGMENT

3

**EJ-001**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and address):* | FOR RECORDER'S USE ONLY |

[X] Recording requested by and return to    (714) 791-9131
State Bar No. 134221
Jay M. Tenenbaum, Esq.
Seals & Tenenbaum, A Professional Corpor
2323 W. Lincoln Avenue, Suite 127
Anaheim, California 92801

[X] ATTORNEY FOR    [ ] JUDGMENT CREDITOR    [X] ASSIGNEE OF RECORD

05  3183025

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 42011 4th Street West
MAILING ADDRESS: Same as Above
CITY AND ZIP CODE: Lancaster, CA 93534
BRANCH NAME: North District

FOR RECORDER'S USE ONLY

PLAINTIFF: Frank Addamo

DEFENDANT: Charles Breul dba Pride General Contractors

| ABSTRACT OF JUDGMENT    [ ] Amended | CASE NUMBER: 03S00233 |

FOR COURT USE ONLY

1. The [ ] judgment creditor [X] assignee of record
applies for an abstract of judgment and represents the following:
   a. Judgment debtor's
          Name and last known address
   [ ] Charles Breul
   41343 151st Street East
   Lake Los Angeles, CA 93535

   b. Driver's license No. and state:                              [X] Unknown
   c. Social security No.: 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                             [ ] Unknown
   d. Summons or notice of entry of sister-state judgment was personally served or
      mailed to *(name and address)*: Charles Breul dba Pride General
                   Contractors
                   41343 151st Street East, Lake Los Angeles, CA 93535
   e. [ ] Original abstract recorded in this county.    f. [ ] Information on additional judgment debtors is
      (1) Date:                                            shown on page two.
      (2) Instrument No.:

Date: October 24, 2005

Jay M. Tenenbaum, Esq.
(TYPE OR PRINT NAME)                                    ▶                        (SIGNATURE OF APPLICANT OR ATTORNEY)

2. a. [X] I certify that the following is a true and correct abstract
      of the judgment entered in this action.
   b. [ ] A certified copy of the judgment is attached.
3. Judgment creditor *(name and address):*
   Frank Addamo
   4400 Wild Horse Rd., Reno, NV 89510
4. Judgment debtor *(full name as it appears in judgment):*
   Charles Breul dba Pride General
   Contractors

6. Total amount of judgment as entered or last renewed:
   $ 5,052.00
7. [ ] An [ ] execution lien [ ] attachment lien
      is endorsed on the judgment as follows:
   a. Amount: $ 0.00
   b. In favor of *(name and address):*

[SEAL]

5. a. Judgment entered on
      *(date)* 03/17/2003
   b. Renewal entered on
      *(date):*

This abstract issued on *(date):*
      OCT 31 2005

8. A stay of enforcement has
   a. [ ] not been ordered by the court.
   b. [X] been ordered by the court effective until
      *(date):* 04/17/2003
9. [ ] This judgment is an installment judgment.

JOHN A. CLARKE
Clerk, by                                    , Deputy
                                          D. LEONE

Form Adopted for Mandatory Use
Judicial Council of California
EJ-001 [Rev. January 1, 2003]

ABSTRACT OF JUDGMENT
(CIVIL)

Page 1 of 2
Code of Civil Procedure, §§ 488.480, 700.190

Legal
Solutions
Plus

EXHIIBT "4"

Form B18 (Official Form 18)
(10/05)

# United States Bankruptcy Court
## Central District Of California

21041 Burbank Blvd Woodland Hills, CA 91367-6603

## DISCHARGE OF DEBTOR
## IN A CHAPTER 7 CASE

**DEBTOR(S) INFORMATION:**
Charles A Breul
**SSN:** xxx-xx-4069
**EIN:** 95-4710661

41343 151st Street East
Lancaster, CA 93535

**BANKRUPTCY NO.** 1:05-bk-20645-KT
**CHAPTER** 7

It appearing that the debtor is entitled to a discharge, IT IS ORDERED: The debtor is granted a discharge under section 727 of title 11, United States Code, (the Bankruptcy Code).

BY THE COURT,

Dated: February 10, 2006

**Jon D. Ceretto**
Clerk of the Court

**SEE THE BACK OF THIS ORDER FOR IMPORTANT INFORMATION**

(Form rev. 10/05) VAN-30

11/ RTO

Case 1:05-bk-20645-RT   Doc 11   Filed 02/10/06   Entered 02/10/06 09:30:13   Desc
D18   Page 2 of 2

FORM B18 continued
(1/98)

# EXPLANATION OF BANKRUPTCY DISCHARGE
## IN A CHAPTER 7 CASE

This court order grants a discharge to the person named as the debtor. It is not a dismissal of the case and it does not determine how much money, if any, the trustee will pay to creditors.

## Collection of Discharged Debts Prohibited

The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor. *[In a case involving community property:]* [There are also special rules that protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.] A creditor who violates this order can be required to pay damages and attorney's fees to the debtor.

However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case. Also, a debtor may voluntarily pay any debt that has been discharged.

## Debts That are Discharged

The chapter 7 discharge order eliminates a debtor's legal obligation to pay a debt that is discharged. Most, but not all, types of debts are discharged if the debt existed on the date the bankruptcy case. (If this case was begun under a different chapter of the Bankruptcy Code and converted to chapter 7, the discharge applies to debts owed when the bankruptcy case was converted.)

## Debts That are Not Discharged.

Some of the common types of debts which are not discharged in a chapter 7 bankruptcy case are:

a. Debts for most taxes;

b. Debts incurred to pay nondischargeable taxes;

c. Debts that are domestic support obligations;

d. Debts for most student loans;

e. Debts for most fines, penalties, forfeitures, or criminal restitution obligations;

f. Debts for personal injuries or death caused by the debtor's operation of a motor vehicle while intoxicated;

g. Some debts which were not properly listed by the debtor;

h. Debts that the bankruptcy court specifically has decided or will decide in this bankruptcy case are not discharged;

i. Debts for which the debtor has given up the discharge protections by signing a reaffirmation agreement in compliance with the Bankruptcy Code requirements for reaffirmation of debts;

j. Debts owed to certain pension, profit sharing, stock bonus, other retirement plans, or to the Thrift savings Plan for federal employees for certain types of loads form these plans.

**This information is only a general summary of the bankruptcy discharge. There are exceptions to these general rules. Because the law is complicated, you may want to consult an attorney to determine the exact effect of the discharge in this case.**

EXHIIBT "5"

# BOROWITZ & CLARK, LLP

BARRY E. BOROWITZ*
M. ERIK CLARK†*
NANCY BONACCORSO CLARK
SHANNON A. DOYLE

† Also Admitted in NY & CT
* Board Certified in Consumer Bankruptcy

Additional Office Locations:
ONTARIO
NORWALK
TORRANCE
PALMDALE
GLENDALE

November 6, 2013

Creditors Specialty Services
P.O. Box 764
Acton, CA 93510

Re.: Charles Breul
Bankruptcy Case No.: 1:05-bk-20645-KT

To Whom It May Concern:

Please be advised that Mr. Bruel has retained this office for the purpose of handling of the removal of the Involuntary Lien that your company placed upon his home in violation of the Automatic Stay in his bankruptcy. On August 21, 2013 I called your offices and spoke to someone who would only identify himself as Charles and I notified him that Charles Breul filed bankruptcy on October 14, 2005 and was discharged on February 2, 2005. I have enclosed a copy of our client's Discharge of Debtor for your records.    You were also notified of his bankruptcy by the court. The Chapter 7 bankruptcy was successful and your debt has been discharged. You placed your lien on his property on December 27, 2005, several months after he filed and in clear violation of the Bankruptcy Code.

My client told me he spoke to your office and you refused to remove the lien without a payment of $7000.00. Mr. Bruel stated that he specifically told you he had filed bankruptcy and that you were listed. Your office told him that they did not care. In addition you were put on notice when I called your office on August 20, 2013 stating that Mr. Bruel was discharged of the debt and to remove the Involuntary Lien that your office placed after the bankruptcy was filed. This is the sixth notice that you are receiving. My client is 84 years old and trying to refinance his home to a lower interest rate. Your refusal to remove the illegal lien is causing him great emotional stress and significant money as interest rates rise.

On August 23, 2013 I directed a letter to you requesting that you remove the lien. To date I have not received any response in reference to the removal of the lien. This office must receive a copy of the Order removing the lien on my client's home no later than November 11, 2013. If you do not comply with our request to remove the Involuntary Lien this office will be forced to reopen the Debtor's case, file an Adversary proceeding against your client and seek attorney's fees and sanctions against you for willful violation of the Automatic Stay and the Discharge injunction.

100 N. Barranca Street, Suite 250, West Covina, CA 91791-1660 | Tel: (626) 332-8600 | Fax: (626) 332-8644 | www.BLCLAW.com

*BOROWITZ & CLARK, LLP*

You are directed to comply with the automatic stay and discharge provisions pursuant to 11 U.S.C. Section 362 of the United States Bankruptcy Code, and cease any further collection actions against the debtor (s) and/or their estate including any accounts of deposits. The automatic stay also prohibits you from contacting the debtor(s) directly when you know them to be represented by an attorney.

This matter will now be carefully monitored. Any attempt to communicate with the debtor from this point forward will be considered a direct violation of the Fair Debt Collection Practices Act, and the appropriate steps will be taken to impose sanctions against you.

Please direct all inquiries concerning any of the above to this office.

Sincerely,

Barry E. Borowitz
Attorney at Law

cc: Seals & Tenenbaum, A Professional Corporation

Charles Breul

EXHIIBT "6"

CLOSED

# U.S. Bankruptcy Court
## Central District Of California (San Fernando Valley)
### Bankruptcy Petition #: 1:05-bk-20645-KT

|  |  |
|---|---|
| *Assigned to:* Kathleen Thompson | *Date filed:* 10/14/2005 |
| Chapter 7 | *Date terminated:* 03/15/2006 |
| Voluntary | *Date discharged:* 02/10/2006 |
| No asset | *341 meeting:* 02/06/2006 |
|  | *Deadline for objecting to discharge:* 01/31/2006 |

*Debtor*                                         represented by **Charles A Breul**
**Charles A Breul**                                              PRO SE
41343 151st Street East
Lancaster, CA 93535
LOS ANGELES-CA
661-264-4180
SSN / ITIN: xxx-xx-4069
Tax ID / EIN: 95-4710661

*Trustee*
**David Keith Gottlieb (TR)**
15233 Ventura Blvd, 9th Floor
Sherman Oaks, CA 91403-2201
(818) 325-8441
*TERMINATED: 12/22/2005*

*Trustee*
**Diane Weil (TR)**
16000 Ventura Boulevard, Suite 1000
Encino, CA 91436
(818) 788-8079

*U.S. Trustee*
**United States Trustee (SV)**
21051 Warner Center Lane, Suite 115
Woodland Hills, CA 91367

| Filing Date | # | Docket Text |
|---|---|---|
| 10/14/2005 | <u>1</u><br>(38 pgs) | Chapter 7 Voluntary Petition . Receipt Number O, Fee Amount $209 Filed by Charles A Breul (Mendez, Raoul) (Entered: 10/19/2005) |
| 10/19/2005 | <u>2</u><br>(2 pgs) | First Meeting of Creditors with 341(a) meeting to be held on 12/02/2005 at 01:30 PM at RM 105, 21051 Warner Center |

| | | |
|---|---|---|
| | | Lane, Woodland Hills, CA 91367. Objections for Discharge due by 01/31/2006. (Mendez, Raoul) (Entered: 10/19/2005) |
| 10/19/2005 | | Receipt of Chapter 7 Filing Fee - $209.00 by 09. Receipt Number 10002399. (admin) (Entered: 10/20/2005) |
| 10/22/2005 | 3 (3 pgs) | BNC Certificate of Mailing. (RE: related document(s)2 Meeting (Chapter 7)) No. of Notices: 21. Service Date 10/22/2005. (Admin.) (Entered: 10/22/2005) |
| 12/20/2005 | 4 (1 pg) | Notice of appointment and acceptance of trustee Filed by U.S. Trustee United States Trustee (SV) . (Toomer, Rosalyn) (Entered: 12/22/2005) |
| 12/20/2005 | 5 | Trustee withdrawal/resignation Filed by U.S. Trustee United States Trustee (SV) . (Holbert, Ellen) (Entered: 12/22/2005) |
| 12/20/2005 | 6 (1 pg) | Trustee worksheet; meeting continued Filed by Trustee Diane Weil . 341(a) meeting to be held on 1/5/2006 at 09:00 AM at RM 105, 21051 Warner Center Lane, Woodland Hills, CA 91367. (Toomer, Rosalyn) (Entered: 12/23/2005) |
| 12/20/2005 | 7 (2 pgs) | Notice of continued meeting of creditors and appearance of debtor (11 USC 341(a)) (RE: related document(s)6 Trustee worksheet; meeting continued filed by Trustee Diane Weil) (Toomer, Rosalyn) (Entered: 12/23/2005) |
| 01/23/2006 | 8 (1 pg) | Trustee worksheet; meeting continued Filed by Trustee Diane Weil . 341(a) meeting to be held on 2/6/2006 at 09:00 AM at RM 105, 21051 Warner Center Lane, Woodland Hills, CA 91367. (Mendez, Raoul) (Entered: 01/24/2006) |
| 01/23/2006 | 9 (2 pgs) | Notice of continued meeting of creditors and appearance of debtor (11 USC 341(a)) (RE: related document(s)8 Trustee worksheet; meeting continued filed by Trustee Diane Weil) (Mendez, Raoul) (Entered: 01/24/2006) |
| 02/08/2006 | 10 | Meeting of Creditors Held and Concluded on 2/6/2006. Trustee's Report of No Assets: Trustee of this estate reports and declares under penalty of perjury that the section 341a Meeting of Creditors has been held and certifies that the trustee has performed the duties required of a trustee under 11 U.S.C. 704 and has concluded that there are no assets to administer for the benefit of creditors of this estate. The trustee received no funds or property of the estate and paid no monies on account of the estate. Wherefore, the trustee prays that this report be approved and the trustee be |

| | | |
|---|---|---|
| | | discharged from office. Notes: (Weil, Diane) (Entered: 02/08/2006) |
| 02/10/2006 | <u>11</u><br>(2 pgs) | DISCHARGE OF DEBTOR (RE: related document(s)<u>2</u> Meeting (Chapter 7)) (Toomer, Rosalyn) (Entered: 02/10/2006) |
| 02/12/2006 | <u>12</u><br>(3 pgs) | BNC Certificate of Mailing. (RE: related document(s)<u>11</u> DISCHARGE OF DEBTOR) No. of Notices: 18. Service Date 02/12/2006. (Admin.) (Entered: 02/12/2006) |
| 03/15/2006 | <u>13</u><br>(1 pg) | Bankruptcy Case Closed - DISCHARGE (Keys, Robin) (Entered: 03/15/2006) |
| 08/05/2013 | | Receipt of Photocopies Fee - $1.50 by 19. Receipt Number 10058245. (admin) (Entered: 08/06/2013) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 10/30/2013 14:23:32 | | |
| **PACER Login:** bc0239 | **Client Code:** | |
| **Description:** Docket Report | **Search Criteria:** | 1:05-bk-20645-KT Fil or Ent: filed From: 8/1/2004 To: 10/30/2013 Doc From: 0 Doc To: 99999999 Term: included Format: html Page counts for documents: included |
| **Billable Pages:** 2 | **Cost:** | 0.20 |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
100 N. Barranca Street, #250
West Covina, CA 91791-1660

A true and correct copy of the foregoing document entitled (*specify*):  **MOTION FOR AN ORDER TO SHOW CAUSE WHY FRANK ADDAMO AND CREDIT SPECIALTY SERVICES, INC. SHOULD NOT BE HELD IN   CONTEMPT OF COURT FOR VIOLATION OF THE AUTOMATIC STAY AND DISCHARGE INJUNCTIONS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF CHARLES A. BREUL; AND DECLARATION OF BARRY E. BOROWITZ IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____  I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*)  January 28, 2014, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Maureen Tighe
U.S. Bankruptcy Judge
21041 Burbank Blvd., Ste. 324
Woodland Hills, CA 91367

David Gottlieb
Chapter 7 Trustee
15233 Ventura Blvd., 9th Fl.
Sherman Oaks, CA 91403

United States Trustee
21051 Woodland Center Lane, Ste. 115
Woodland Hills, CA 91367

Charles Breul
41343 151st Street East
Lancaster, CA 93535

☒ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| January 28, 2014 | Annette Gomez | |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

F 9013-3.1.PROOF.SERVICE

Additional  mailing list

Frank Addamo
4400 Wild Horse Rd.
Reno, NV 89510

Credit Specialty Services, Inc.
P.O. Box 764
Acton, CA 93510

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                      F 9013-3.1.PROOF.SERVICE