Barry E. Borowitz, #167418
Nancy B. Clark, #207024
**Borowitz & Clark, LLP**
100 N. Barranca Ave., Suite 250
West Covina, CA 91791
Tel:  (626) 332-8600
Fax: (626) 332-8644

Attorney for Debtor



FILED & ENTERED

MAR 06 2014

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY Remy       DEPUTY CLERK

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SAN FERNANDO VALLEY DIVISION

In re:

**CHARLES BREUL**,

Debtor.

Case No: 1:05-bk-20645-MT

Chapter 7

**ORDER TO SHOW CASE WHY FRANK ADDAMO AND CREDIT SPECIALTY SERVICES, INC. SHOULD NOT BE HELD IN CONTEMPT FOR WILLFUL VIOLATION OF THE AUTOMATIC STAY AND DISCHARGE INJUNCTION**

**[11 U.S.C. 362(K), 11 U.S.C. 524, FRBP 9020, LBR 9020-1]**

Date:  April 3, 2014
Time: 1:00 p.m.
Ctrm:  302
Place: 21041 Burbank Blvd
          Woodland Hills, CA 91367

**TO FRANK ADDAMO AND CREDIT SPECIALTY SERVICES, INC.:**

The Court, having considered the Motion for Order to Show Cause Why Frank Addamo

and Credit Specialty Services, Inc. should not be held in Contempt of Court for Willful Violation

of the Automatic Stay and Discharge Injunction filed by debtor, Charles Breul, and good cause

appearing, therefore, hereby orders as follows:

Frank Addamo and Credit Specialty Services, Inc. are ordered to appear before this Court

located at 21041 Burbank Boulevard, Courtroom 302, Woodland Hills, California 91367 on

April 3, 2014 at 1:00 pm to show cause why this Court should not hold them in contempt for

willful violation of the automatic stay under 11 U.S.C. Section 362(k), and for violation of the

discharge injunction under 11 U.S.C. Section 524(a)(2);

**IT IS FURTHER ORDERED** that Frank Addamo and Credit Specialty Services, Inc.

response to the Order to Show Cause must be filed no later two weeks before that date.

The contemptuous conduct of which Frank Addamo and Credit Specialty Services, Inc.

are accused is as follows:

Creditors violated the automatic stay in recording the Lien during Debtor's bankruptcy.

Debtor filed voluntary petition in October 2005 and obtained a discharge in February 2006. The

Lien was recorded in December 2005, during Debtor's bankruptcy. Creditors never moved to

obtain relief from the stay to record the Lien. Pursuant to § 362(k), an individual injured by any

willful violation of a stay shall recover actual damages, including costs and attorneys' fees, and

in appropriate circumstances, may recover punitive damages. Punitive damages are warranted

here as Creditors do not dispute that they refused to correct the violation after Debtor's oral and

written notifications. Creditors also violated the discharge injunction by requesting $7,000 to

collect the debt. Debtor's discharge operates as an injunction against an act to collect or recover

any debt as a personal liability of the debtor. See 11 U.S.C. § 524(a)(2). Debtor's counsel

declared without contradiction or response that he contacted Credit Specialty Services, Inc. on

behalf of Debtor and informed them of their violation of the automatic stay. Instead of correcting

the violation, Creditors allegedly insisted they would not remove the Lien unless Debtor agreed to pay $7,000. This is clearly an act to collect a prepetition debt, which is enjoined by § 524(a)(2).

Creditors have not explained why they should not be held in contempt for violation of the discharge injunction. Violation of the discharge injunction is punishable by contempt, both under 11 U.S.C. § 105(a), and the inherent powers of the bankruptcy court.

**IT IS SO ORDERED.**

###

Date: March 6, 2014

Maureen A. Tighe
United States Bankruptcy Judge