Barry E. Borowitz, #167418
Nancy B. Clark, #207024
**Borowitz & Clark, LLP**
100 N. Barranca Ave., Suite 250
West Covina, CA 91791
Tel: (626) 332-8600
Fax: (626) 332-8644

Attorney for Debtor

**FILED & ENTERED**

APR 18 2014

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY** Fisher    **DEPUTY CLERK**

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SAN FERNANDO VALLEY DIVISION

In re:

**CHARLES BREUL**,

Debtor.

Case No: 1:05-bk-20645-MT

Chapter 7

**ORDER TO SHOW CASE WHY CREDIT SPECIALTY SERVICE, INC. SHOULD NOT BE HELD IN CONTEMPT FOR WILLFUL VIOLATION OF THE AUTOMATIC STAY AND DISCHARGE INJUNCTION**

[11 U.S.C. 362(K), 11 U.S.C. 524, FRBP 9020, LBR 9020-1]

**TO CREDIT SPECIALTY SERVICE, INC.:**

The Court, having considered the Motion for Order to Show Cause Why Credit Specialty Service, Inc. should not be held in Contempt of Court for Willful Violation of the Automatic Stay and Discharge Injunction filed by debtor, Charles Breul, and good cause appearing, therefore, hereby orders as follows:

///

Credit Specialty Service, Inc. is ordered to appear before this Court located at 21041 Burbank Boulevard, Courtroom 302, Woodland Hills, California 91367 on **MAY 14, 2014 at 11:00 a.m.** to show cause why this Court should not hold them in contempt for willful violation of the automatic stay under 11 U.S.C. Section 362(k), and for violation of the discharge injunction under 11 U.S.C. Section 524(a)(2);

**IT IS FURTHER ORDERED** that Credit Specialty Service, Inc. response to the Order to Show Cause must be filed no later two weeks before that date.

The contemptuous conduct of which Credit Specialty Service, Inc. is accused is as follows:

Creditor violated the automatic stay in recording the Lien during Debtor's bankruptcy. Debtor filed voluntary petition in October 2005 and obtained a discharge in February 2006. The Lien was recorded in December 2005, during Debtor's bankruptcy. Creditor never moved to obtain relief from the stay to record the Lien. Pursuant to § 362(k), an individual injured by any willful violation of a stay shall recover actual damages, including costs and attorneys' fees, and in appropriate circumstances, may recover punitive damages. Punitive damages are warranted here as Creditor did not dispute that they refused to correct the violation after Debtor's oral and written notifications. Creditor also violated the discharge injunction by requesting $7,000 to collect the debt. Debtor's discharge operates as an injunction against an act to collect or recover any debt as a personal liability of the debtor. See 11 U.S.C. § 524(a)(2). Debtor's counsel declared without contradiction or response that he contacted Credit Specialty Service, Inc. on behalf of Debtor and informed them of their violation of the automatic stay. Instead of correcting the violation, Creditor allegedly insisted they would not remove the Lien unless Debtor agreed to pay $7,000. This is clearly an act to collect a prepetition debt, which is enjoined by § 524(a)(2).

Creditor has not explained why they should not be held in contempt for violation of the discharge injunction. Violation of the discharge injunction is punishable by contempt, both under 11 U.S.C. § 105(a), and the inherent powers of the bankruptcy court.

**IT IS SO ORDERED.**

###

Date: April 18, 2014

*Maureen A. Tighe* (signature)
Maureen A. Tighe
United States Bankruptcy Judge